# IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN A. EVANS, §
§
    Defendant Below, §
    Appellant, §
§
v. §
§
STATE OF DELAWARE, §
§
    Plaintiff Below, §
    Appellee. §

No. 701, 2015

Court Below–Superior Court of
the State of Delaware

Cr. ID No. 1306016609

Submitted: July 28, 2016
Decided: October 21, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 21th day of October 2016, upon consideration of the appellant's opening brief and supplemental opening brief, the appellee's motion to affirm as supplemented, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Kevin A. Evans, filed this appeal from the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening and supplemental opening briefs that the appeal is without merit. We agree and affirm.

(2)    In a thirteen-count indictment filed in June 2013, Evans was charged with having participated in a December 2011 nighttime home invasion in Newark,

Delaware, during which a senior citizen was seriously physically injured. With the assistance of his defense counsel, Evans pled guilty, on December 11, 2013, to four counts.[1] In exchange, the State agreed to dismiss the other counts and to recommend that Evans serve no more than ten years in prison. The parties also agreed to a presentence investigation.

(3)  On February 28, 2014, following the submission of the presentence report, the Superior Court imposed sentence in the home invasion case and in an earlier-indicted robbery case in which Evans entered a guilty plea on January 8, 2013.[2] Evans was sentenced to twelve years in prison in the home invasion case and to seven years in prison in the robbery case.

(4)  In his postconviction motion, which was filed on May 8, 2015, Evans alleged that his defense counsel in the home invasion case was ineffective because counsel failed to provide Evans with discovery provided by the State, to discover weaknesses in the State's evidence, and to file a motion to suppress. The Superior Court referred the motion to a Commissioner for a report and recommendation. By report dated July 2, 2015, the Commissioner recommended that the motion should

---

[1] Evans pled guilty to two counts of Robbery in the First Degree and one count each of Burglary in the First Degree and Wearing a Disguise during the Commission of a Felony.

[2] The Court has taken judicial notice of the Superior Court docket, plea agreement, sentence order, and plea and sentencing transcript in the earlier-indicted robbery case, *State v. Evans*, Cr. ID No. 1205025088. The Court notes that, before imposing sentence, the Superior Court allowed Evans to withdraw the January 8, 2013 plea in the robbery case and to enter an amended plea.

be summarily dismissed because it was untimely filed and because the claims advanced in the motion were waived by Evans' guilty plea.

(5)   In an appeal from the Commissioner's report and recommendation, Evans took issue with the Commissioner's finding that the postconviction motion was untimely filed.  On November 23, 2015, the Superior Court ruled against Evans on the timeliness issue, adopted the Commissioner's report and recommendation, and denied the postconviction motion.  The court's November 23 letter order explained the following to Evans:

> Regarding the allegation that counsel failed to provide discovery material to you, it is important to appreciate that while there is an obligation for counsel to confer with you, he has no obligation to provide specific discovery material to you.  As such, even if the Court accepts your assertions as true, they would not rise to the level of an ineffective assistance claim.  Secondly, any issues surrounding the suppression of evidence for a discrepancy that may have occurred because of mishandling by the forensic specialist would have been waived once you entered a plea of guilty. You could only have preserved those alleged errors if you had proceeded to trial and been found guilty.

(6)   In this appeal from the denial of his postconviction motion, Evans argues that his guilty plea was involuntary because of the ineffectiveness of his defense counsel.  Also, Evans complains that a "proper presentence investigation was not completed" in the robbery case, and he asserts that, had the investigation been completed, it "could have worked in his favor" at sentencing.

3

(7)     Upon review of the parties' initial submissions on appeal, the Court discovered that the Commissioner's report and recommendation was based in part on audio recordings of the December 13, 2013 plea hearing and the sentencing on February 28, 2014. Because the audio recordings were not included in the record on appeal, the Court requested transcripts of the plea hearing and sentencing. Once the transcripts were filed and copies provided to the parties, the Court allowed the parties to supplement their submissions.

(8)     We review the denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] In this case, we can discern no abuse of discretion or error of law in the Superior Court's denial of Evans' postconviction motion. On appeal, Evans has not demonstrated, and the record does not reflect, that his defense counsel was ineffective or that his guilty plea was involuntary. Moreover, the record does not support Evans' claim that he was prejudiced at his sentencing.

(9)     To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty

---

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

4

but would have insisted on going to trial.[4] In this case, Evans cannot establish a reasonable possibility that, but for his defense counsel's alleged ineffectiveness, he would not have pleaded guilty and would have insisted on going to trial. Evans received a significant benefit from the plea agreement negotiated by his counsel. Had Evans gone to trial on the thirteen indicted charges in the home invasion case, the outcome of the case could have been, and likely would have been, far worse for him. As it stands, Evans is fortunate that the Superior Court imposed only twelve years of unsuspended Level V imprisonment for the four offenses in the plea agreement.[5]

(10) Because a valid guilty plea waives any right to test the strength of the State's evidence, Evans' inability to demonstrate an involuntary guilty plea in his case is key to our decision on his appeal.[6] The transcript of the December 11, 2013 plea colloquy reflects that the Superior Court thoroughly questioned Evans and properly determined that he was entering the plea knowingly and voluntarily. Evans indicated that he understood that he was waiving certain trial rights, including the

---

[4] *Albury v. State*, 551 A.2d 53, 58-60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985)).

[5] Under the circumstances in this case as reflected in the record, the Superior Court could have sentenced Evans up to twenty-five years in prison for each count of first degree robbery and for first degree burglary. For wearing a disguise, the court could have imposed a sentence of up to five years in prison. 11 *Del. C.* §§ 832, 826(a), 1239, 4205(b)(2), (3), (5).

[6] *Brewer v. State*, 2015 WL 4606541, at *2 (citing *Brown v. State*, 108 A.3d 1201, 1205-06 (Del. 2015)).

5

right to hear and question witnesses and to present evidence in his own defense. Also, Evans told the Superior Court that no one had threatened him or offered him anything in exchange for the plea, and that he was satisfied with his defense counsel's representation. Furthermore, Evans admitted that he was guilty of the four offenses in the plea agreement. In the absence of clear and convincing evidence to the contrary, Evans is bound by those representations.[7]

(11) Finally, under the circumstances as reflected in the record, Evans cannot complain that he was prejudiced because a "proper presentence investigation was not completed" in the robbery case. First, the sentencing transcript reflects that Evans declined the Superior Court's offer to postpone sentencing so that a presentence investigation could be conducted in the robbery case. Second, even if he had not waived a presentence investigation in the robbery case, Evans has not identified what additional information would have "worked in his favor" in the home invasion case had there been a presentence investigation in the robbery case.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[7] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).